IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANK LUPIANI; et al.,                                                                PLAINTIFFS

v.                                      Case No. 03-5256

WAL-MART STORES, INC., et al.                                                DEFENDANTS

**O R D E R**

This case is back before the Court on remand from the Eighth Circuit Court of Appeals. Defendants previously filed a Motion to Dismiss, which was granted by this Court, on the basis that the National Labor Relations Board (NLRB) had jurisdiction over the claim. The Eighth Circuit Court of Appeals reversed, finding that this Court has subject matter jurisdiction. *Lupiani v. Wal-Mart Stores, Inc.*, 432 F.3d 842 (8th Cir. 2006). Defendants[1] now seek to dismiss Plaintiffs' Second Amended Complaint (Doc. 45) in its entirety.

Before the Court are Defendants' Motion to Dismiss Second Amended Complaint (Doc. 48); Memorandum Brief in Support of Motion to Dismiss Second Amended Complaint (Doc. 49); Response in Opposition to Motion to Dismiss Second Amended Complaint (Doc. 52); Memorandum Brief in Support of Opposition to Motion to Dismiss Second Amended Complaint (Doc. 53); and Reply in Support of Motion to Dismiss Second Amended Complaint (Doc. 54). For the reasons

---

[1] Plaintiffs' Second Amended Complaint also names as defendants Individual Members of the Administrative Committee, Associates' Health and Welfare Plan; Individual Members of Wal-Mart Stores Inc. Retirement Plains Committee; and Individual Members of Wal-Mart Stores, Inc. 401(k) Plan Administrative Committee. These defendants have not been identified and do not join in the Motion to Dismiss. However, to the extent Plaintiffs' Complaint is dismissed, it would be dismissed as to these additional Defendants under the same rationale.

stated herein Defendants' Motion to Dismiss is granted in part and denied in part.

The factual basis for Plaintiffs' Complaint concerns what they term as "union exclusion clauses" in Defendants' plan documents for health and retirement benefits, as well as in the Summary Plan Descriptions ("SPD"). In current form, the SPD clauses state "[y]ou are . . . excluded if you are a member of a collective bargaining unit whose health and welfare benefits were the subject of good faith bargaining." Although the arguments made in Defendants' Second Motion to Dismiss regarding Plaintiffs' failure to state a claim upon which relief can be granted under ERISA were raised in the first Motion to Dismiss, neither this Court nor the Eighth Circuit addressed those claims.

In reviewing a Motion to Dismiss, the Court accepts as true all factual allegations contained in the complaint and affords a plaintiff all reasonable inferences to be drawn from those facts. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001). "A case is properly dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Broadus v. O.K. Indus., Inc.,* 226 F.3d 937, 941 (8th Cir.2000) (internal quotations omitted). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young,* 244 F.3d at 627 (citations omitted).

Defendants seek to dismiss any claims for an injunction against the Summary Plan Descriptions in use prior to 2006. This language is no longer in use and Defendants contend the language cannot be enjoined. Further, Defendants seek to dismiss any claims by former participants,

contending they lack standing. These former participants would include Plaintiffs Frank Lupiani, Mary Lou Wagner, Jean Wright, Sandra Williams, Larry Allen, and Paul Brian Humphries. Plaintiffs contend these former participants retain standing because they may be entitled to attorney fees for successful prosecution of their appeal, and retain standing on the prohibited transaction claims, which are brought on behalf of the plan itself, rather than for any individual participants or beneficiaries.

In their Brief Opposing Defendants' Motion to Dismiss Second Amended Complaint (Doc. 53), the Plaintiffs agree the only language at issue in its Second Amended Complaint is the "present language of the SPDs" (Doc. 53, page 2). Accordingly, to the extent Plaintiffs' Second Amended Complaint seeks an injunction on the former language of the SPDs, Defendants' Motion to Dismiss is granted and those claims are dismissed.

Although the claims for an injunction against the former language of the SPDs are dismissed, the claims of former employees remain. Plaintiffs acknowledge former employees/former participants in the plan lack standing in all but claims of attorney's fees and for the prohibited transaction claims. Defendants reply that attorney's fees claims are not sufficient to retain standing for the former participants as attorney's fees are merely a remedy and not a claim. Defendants do not contend that the claims for a prohibited transaction fail to give the former participants standing, but rather that the prohibited transaction claims fail to state a claim upon which relief can be granted. As stated below, the Court finds that the prohibited transaction claims survive the Motion to Dismiss, and the former employees should not be dismissed. Defendants' Motion to Dismiss the former employees is therefore denied.

Plaintiffs' First and Second Claims of the Second Amended Complaint allege Defendants

made deliberately false statements in the Summary Plan Descriptions ("SPD") for retirement and health plans, concerning coverage, or lack of, for employees who are members of a union, and that these statements concerning eligibility are at variance with the plan documents. Defendants contend these claims fail to state a claim upon which relief can be granted as they do not allege that any Plaintiffs have been prejudiced or detrimentally relied on the SPD language at issue. Plaintiff replies the prejudice is in the form of continuing receipt of false information, and thus a claim has been stated.

Eighth Circuit cases have established that a claimant can only recover under a faulty SPD if he or she can show reliance on or prejudice from the faulty plan description. *See Palmisano v. Allina Health Sys., Inc.,* 190 F.3d 881, 887-88 (8th Cir. 1999) (collecting cases); *see also Koons v. Aventis Pharmaceuticals, Inc.,* 367 F.3d 768, 776 (8th Cir. 2004). The issue of whether or not the prejudice alleged by Plaintiffs is sufficient to satisfy this standard is a question not addressed by the parties and may be one best left to a Motion for Summary Judgment. However, Plaintiffs have alleged a specific prejudice as required to state a claim, and the Motion to Dismiss claims of an inaccurate or misleading SPD (Plaintiff's First and Second Claims under the Second Amended Complaint) are denied.

Plaintiffs' Third, Fourth, Seventh, Eighth, and Ninth Claims of the Second Amended Complaint allege breaches of fiduciary duties by Defendants for a variety of acts. Defendants contend Plaintiffs have failed to state a claim as they have not alleged any loss to the plan. Plaintiffs reply that other cases have allowed claims for breach of fiduciary duty where there was no loss to the plan. Defendants contend that the cases cited by Plaintiffs are not on point as they are cases about the loss of benefits due to fiduciary misrepresentations rather than cases involving the breach

of a fiduciary duty.

*Martin v. Feilen*, 965 F.2d 660, 671-72 (8th Cir. 1992) established a three part test for breach of fiduciary duty. A plaintiff must show 1) breach of duty, 2) prima facie case of loss to the plan, and then the burden shifts to fiduciary to prove 3) the loss was not caused by the breach of duty. This standard was upheld in *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 917 (8th Cir. 1994) and *Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002). In our case, Plaintiffs admit that they are not alleging any loss to the plan, accordingly, Defendants' Motion to Dismiss is granted.

Plaintiffs' Fifth and Sixth Claims of the Second Amended Complaint allege a "prohibited transaction" occurred by Defendants' publication of the SPD for the benefit of Wal-Mart which is a "party-in-interest." ERISA Section 406 specifically provides that a fiduciary in an employee benefit plan (pension or welfare) shall not cause the plan to engage in a transaction if he or she knows or should know that such transaction constitutes a direct or indirect furnishing of goods, services, or facilities between a plan and a party in interest. 29 U.S.C. § 1106(a)(1)(C). Defendants contend that "transactions" under ERISA, are commercial bargains by the fiduciary and the alleged transaction is claimed be for the benefit of Wal-Mart as employer, not as a fiduciary. Plaintiffs respond that if Wal-Mart assets were used to publish the SPD, then publishing the materials was a "furnishing of goods" from the plan to Wal-Mart. Defendants reply there is no allegation or indication publication costs increased by including the offending language in the SPD.

Given the high standard required for a Motion to Dismiss, the Court finds that Plaintiffs have properly stated a claim. The question of benefits received by Wal-Mart, and whether plan assets were used, are issues best left to a Motion for Summary Judgment rather than a Motion to Dismiss. As stated however, Plaintiffs have stated a claim sufficient to survive Defendants' Motion to

Dismiss.

Plaintiffs' Tenth and Eleventh Claims of the Second Amended Complaint allege interference with benefits and intentional interference with benefits. Plaintiffs and Defendants agree these claims should be dismissed and Defendants' Motion to Dismiss Claims Ten and Eleven is granted.

Plaintiffs' Twelfth and Thirteenth Claims of the Second Amended Complaint allege creation and maintenance of an unlawful trust, and purposeful creation and maintenance of an unlawful trust specifically contending the trust violates public policy, the First Amendment to the United States Constitution, and the Norris-LaGuardia Act. Defendants argue claims and remedies under Section 502(a), 29 U.S.C. § 1132 are the exclusive claims and remedies available under ERISA. Defendants contend public policy claims and claims under the Norris-LaGuardia Act are not included and these claims are not viable. Moreover, Defendants state there is no constitutional public policy for relief under the First Amendment because the First Amendment does not apply to private citizens and Plaintiffs have not alleged government action. Plaintiffs respond that Defendants' plan also violates the "exclusive purpose rule" of ERISA. 29 U.S.C. §§ 1103(c)(1) and 1104 (a)(1). Plaintiffs further contend that ERISA is based on the law of trusts, so courts can utilize common law in the interpretation of the statutes.

ERISA was established to be a "comprehensive legislative scheme." *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 174 (1985). It pre-empts any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Clearly, the ERISA scheme is the exclusive remedy for regulation of employee benefit plans. Plaintiffs agree that the ERISA scheme itself does not include causes of action for public policy or First Amendment violations and the Motion to Dismiss is granted as to

these claims. The ERISA scheme contemplates the "exclusive purpose rule" Plaintiffs raise in Counts Twelve and Thirteen of the Second Amended Complaint and the Motion to Dismiss is denied as to those causes of action.

Plaintiffs' Fourteenth Claim of the Second Amended Complaint seeks a declaratory judgment that the contract of employment between Defendants and Plaintiffs is a "yellow dog contract" and thus unenforceable under Section 10 of the Norris-LaGuardia Act. Plaintiffs contend that in offering employment at Wal-Mart or requiring employees to sign an acknowledgment that they have read the Associate Guide published by Defendants, Wal-Mart induces an implied undertaking by its employees not to join a labor union. Defendants contend the Norris-LaGuardia Act does not provide a private right of action and Plaintiffs have failed to state a claim.

As reflected above, ERISA is a comprehensive scheme and the exclusive remedy for employee benefit plans. Although Plaintiffs correctly point out the Norris-LaGuardia Act is designed and can be used to "shed light on the meaning of federal labor law" or aid in interpretation, they cite no cases where the Norris-LaGuardia Act would give Plaintiffs any cause of action beyond that in the ERISA scheme. It appears Plaintiffs have failed to state a claim on which relief can be granted and Defendants' Motion to Dismiss is granted as to the Fourteenth Claim of Plaintiffs' Second Amended Complaint.

For the foregoing reasons, Defendants' Motion to Dismiss Second Amended Complaint (Doc. 48) is granted as to the request for injunction involving pre-2006 language of the SPDs, and Claims Three, Four, Seven, Eight, Nine, Ten, Eleven, and Fourteen of Plaintiffs' Second Amended Complaint. Defendants' Motion to Dismiss is also granted on Claims Twelve and Thirteen except to the "exclusive purpose rule" claims that are made. Defendants' Motion to Dismiss is denied as

to the claims of former employees, and as to Claims One, Two, Five, and Six of Plaintiffs' Second Amended Complaint. Defendants' Motion to Dismiss is also denied as to Plaintiffs' exclusive purpose rule claims in Claims Twelve and Thirteen.

**IT IS SO ORDERED.**

                                                               */s/ Robert T. Dawson*
                                                               Honorable Robert T. Dawson
Dated: September 11, 2006                          United States District Judge