IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANK LUPIANI, et al                                                            PLAINTIFFS

v.                                    No.  5:03-cv-5256-RTD

WAL-MART STORES, INC., et al                                            DEFENDANTS

# ORDER

Before the court is the Defendants' Motion for Protective Order (Doc. 73) and Memorandum Brief (Doc. 74) filed January 30, 2007 and the Plaintiffs' Response (Doc. 76) and Memorandum Brief (Doc. 77) filed February 12, 2007.  The matter has been referred to the undersigned for disposition by Order (Doc. 75) entered February 1, 2007.

**Background:**

This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 101, et seq.  The Second Amended Complaint (Doc.45) was filed May 2, 2006.

A Motion to Dismiss the Second Amended Complaint was granted in part and denied in part by Order (Doc. 56) dated September 6, 2006. The Court denied the motion as it related to counts one and two and stated that "Eighth Circuit cases have established that a claimant can only recover under a faulty SPD (summary plan description) if he or she can show reliance on or prejudice from the faulty plan description. *See Palmisano v. AllinaHealth Sys., Inc.,* 190 F.3d 881, 887-88 (8th Cir. 1999) (collecting cases); *see also Koons v. AventisPharmaceuticals, Inc.,* 367 F.3d 768, 776 (8th Cir. 2004) The issue of whether or not the prejudice alleged by Plaintiffs is sufficient to satisfy this standard is a question not addressed by the parties and may be one best

left to a Motion for Summary Judgment. However, Plaintiffs have alleged a specific prejudice as required to state a claim, and the Motion to Dismiss claims of an inaccurate or misleading SPD (Plaintiff's First and Second Claims under the Second Amended Complaint) are denied."  A Motion for Reconsideration (Doc. 59) was filed on September 25, 2006 resulting in an Order (Doc. 65) entered October 26, 2006 which acknowledged that the Plaintiffs were not seeking money damages under counts one and two, and therefore all claims seeking "money damages" as to counts one and two were dismissed.  All other claim for relief  remain unaffected by the Order.

The court also did not dismiss the twelfth and thirteenth claim to the extent that it put forth a claim under the exclusive purpose rule as set forth in **29 U.S.C. § 1104(a)(1)(A)(I)** and stated in **Akers v. Palmer,** 1996 WL 33439335.  As a result of the Motion to Reconsider (Doc.59) the court stated in its Order (Doc. 56) filed October 23, 2006 that "this argument to be more appropriately left to any Motion to Summary Judgment, rather than a Motion to Dismiss."

The Defendant has now filed a motion for protective order seeking to limit the discovery as to court one and two  and preclude discovery as to count twelve and thirteen.

**Applicable Law:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.,* 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." *See id;* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

"Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.,* 164 F.R.D. 406, 407 (E.D.Pa.1996). Once the party from whom discovery is sought raises an objection, the party seeking discovery must demonstrate the relevancy of the information requested. *Vitale v. McAtee,* 170 F.R.D. 404, 406 (E.D.Pa.1997). At that point, the burden shifts back to the objecting party to show why discovery should not be permitted. *Id.*

**Discussion:**

Plaintiffs believe that the Claim one and two discovery plan should allow discovery of information regarding the source and purpose of the alleged "union exclusion clause" in the SPDs (summary plan descriptions). Defendants disagree. Because ERISA Section 102 only prohibits the use of misleading *language* in SPDs, defendants submit that discovery with respect to Claims one and two should be limited to the production of the plan documents and SPDs and plaintiffs' reliance thereon.

The Court believes that this interpretation by the Defendants is to narrow. The Plaintiffs have specifically alleged that the Defendants **deliberately** included the Union Exclusion clauses, which mislead the participants and beneficiaries. (Doc. 45, p. 10) The Plaintiffs did further allege that they "were and are misled to believe they will lose their benefits if they unionize." (Doc.45, p. 6) It is relevant to the establishment that the Plaintiffs relied on the wording in the plan if the Plaintiffs can show that it was the intent of the Defendants to accomplish such reliance. It also may be specifically relevant as to the claims of the former employees if Wal-Mart has brought the language of the SPDs into compliance only because of the pending lawsuit.

The issue of whether the Defendants did participate "knowingly and significantly in deceiving a plan's beneficiaries in order to save the employer money at the beneficiaries' expense" (**Varity Corp. V. Howe, 516 U.S. 489 (1996))** is a fact that will require appropriate discovery if a knowledgeable ruling is to be made on any subsequent motions.

The Defendants also seek a Protective Order as to Counts twelve and thirteen and contends that no discovery should be had on this issue. (Doc. 73, p.2)   The District Court has previously held that " the ERISA scheme contemplates the "exclusive purpose rule" Plaintiffs raise in Counts Twelve and Thirteen of the Second Amended Complaint and the Motion to Dismiss is denied as to those causes of action." (Doc. 56, p. 7)

Manipulation of pension funds is prohibited by a central provision of ERISA: the requirement that the trustee act "solely in the interest of the participants and beneficiaries and ...for the exclusive purpose of ... providing benefits to participants and their beneficiaries. **29 U.S.C. Section 1104(a)(a)(A)(I)**.  This provision has been referred to as the "sole interest" or "exclusive purpose" rule.  **Akers v. Palmer**, 1996 WL 33439335.

The Defendants contend that the issue is resolved by **Lockheed Corporation v. Spink**, 517 U.S. 882 (1996) and that the Supreme Court in Lockheed held "that a plan sponsor may, without violation of ERISA, receive incidental benefits from maintaining a benefit plan including 'attracting and retaining employees, paying deferred compensation, settling or avoiding strikes, providing increased compensation without increasing wages, increasing employee turnover, and reducing the likelihood of lawsuits by encouraging employees who would otherwise have bee laid off to depart voluntarily.'" (Doc. 74, p. 7) The Supreme Court however in that case was making reference to the Brief for the Respondent and stated that these were the Respondents

**admittedly permissible objectives**. Id, at 893-894.   The Court does not believe that the issue of union exclusion language in summary plan descriptions is settled by Lockheed, or that the Lockheed case stands for the proposition espoused by the Defendants. The Plaintiffs have cited cases which have held that "structuring a plan in order to encourage unionization is a violation of the exclusive purpose rule."  **Deak v. Masters, Mates & Pilots Pension Plan**, 821 F. 2d 572 (11th Cir. 1987); **Elser v. I.A.M. Nat'l Pension Fund,** 684 F.2d 648 (9th Cir. 1982) It may be that the court determines that the union exclusion language in question has permissible objectives but, as the court has stated, that will be a matter for Summary Judgment and after a proper development of the case.

**Conclusion:**

  For the reasons stated the Motion for Protective Order is Denied.


  IT IS SO ORDERED this $21^{th}$ day of February, 2007.


          /s/ J. Marschewski
          Honorable James R. Marschewski
          United States Magistrate Judge

\