IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANK LUPIANI, et al                                                                          PLAINTIFFS

  v.                                              No.  5:03-cv-5256-RTD

WAL-MART STORES, INC., et al                                                          DEFENDANTS

## ORDER

Before the court is the Plaintiff's Motion to Compel Answers to Interrogatories (Doc. 79) filed April 23, 2007; Plaintiff's Motion to Compel Request for Production of Documents (Doc. 82) filed May 1, 2007; Plaintiff's Motion to Compel (Doc.85) filed May 2, 2007; Plaintiff's Motion for Protective Order (Doc. 93) filed July 5, 2007 and Defendant's Motion for Protective Order (Doc. 96) filed July 10, 2007.  Responses and Briefs have been filed by the parties and the matters were set for a hearing on July18, 2007

This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 101, et seq.  The Second Amended Complaint (Doc.45) was filed May 2, 2006.  The parties did confer with the court in regards to the discovery issues on July 18, 2007.  The Plaintiffs appeared by their attorneys Davis Rosenfeld and Brandon Harrison.  The Defendant appeared by its attorneys Ian Hugh Morrison, Mark Casciari and Kathryn Stocks.  After presentation and discussion with the court the parties agreed as follows;

Wal-Mart Stores, Inc. agrees to provide to the Plaintiff, within 7 days from the entry of an agreed Protective Order, the purpose documents relating to the "Union Exclusion Clause" which appeared in the Summary Plan Descriptions (SPDs) and the Plan Documents from 1997 to the present.

Wal-Mart Stores, Inc. agrees to provide all references to the "Union Exclusion Clause" which were made over the "Union Hotline" telephone number 501-273-8300 or any other number used for a similar purpose within 7 days from the entry of an agreed Protective Order.

Based upon the above and the previous information which has been furnished by Wal-Mart to the Plaintiffs the court finds that Wal-Mart has complied with the Plaintiff's request which have been made in the Motions to Compel.

The Motion to Compel Answers to Interrogatories (Doc.79) is MOOT;

The Motion to Compel Production of Documents (Doc.82) is MOOT;

The Motion to Compel Production of Documents (Doc. 85) is MOOT;

The Defendant's Motion for a Protective Order is GRANTED, and the parties shall present an agreed Protective Order to the Court within three days.

Upon further argument by the parties the court did consider the Plaintiff's Motion for a Protective Order to prevent the deposition of the Plaintiff's in Fort Smith, Arkansas.

Fed.R.Civ.P. 26© provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan.2000). *General Dynamics Corp. v. Selb Mfg. Co.* 481 F.2d 1204, *1212 (C.A.1973)To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D.Kan. May 2, 2002) (quotations and citations omitted). General Dynamics Corp. v. Selb Mfg. Co., Id

The court having considered the matter believes that the Defendant is entitled to be able

to take the deposition of the plaintiff's in Fort Smith, Arkansas, unless upon a showing of particular hardship, and the Plaintiff has not put forth any evidence of a particular hardship. There were generalized arguments made of hardship to the witnesses as a class but no evidence presented as to particular plaintiffs.

The Plaintiff's Motion for Protective Order is DENIED subject to being reconsidered by the court if a proper showing of hardship is presented.

IT IS SO ORDERED this 18th day of July 2007.

/s/ J. Marschewski
Honorable James R. Marschewski
United States Magistrate Judge