**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

FRANK LUPIANI, *et al.*,                                              Plaintiffs

v.                                    Case No. 03-cv-5256 RTD

WAL-MART STORES, INC., *et al.*,                                      Defendants

**PROTECTIVE ORDER UNDER FED. R. CIV. P. 26©**

Pursuant to Fed. R. Civ. P. 26©, it is hereby ordered that:

    1. It is the purpose of this Order to maintain free from public disclosure and to otherwise reasonably limit dissemination of material that is claimed to be confidential for use in the above-captioned action, without in the first instance resolving the issue of whether such material is in fact confidential or proprietary as those terms are commonly applied in the legal sense.

    2. The following procedures shall govern the production, exchange, and subsequent handling of documents, deposition transcripts, and deposition exhibits, answers to interrogatories, responses to requests for admission, and all other written, recorded, or physical matter, data or tangible things, in electronic form or otherwise (hereinafter "Documents"), produced by or obtained from any party or non-party (a "Producing Party") during the proceedings in this action and designated as confidential by the Producing Party.

3. The term "Documents" as used herein includes all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

4. This Order covers Documents designated by the disclosing party or nonparty (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may, in good faith, designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential" or "Defendants' Confidential – Subject to Protective Order in Lupiani Case." (Hereinafter, a reference to "Confidential" shall include as well the designation "Defendants' Confidential – Subject to Protective Order in Lupiani Case.") Such designation shall be limited to information or materials that the Source believes to constitute a trade secret, proprietary business information, private personnel information, confidential information, or information that may implicate the privacy rights of the Source and/or a third party, and that is not otherwise publicly available, except that the foregoing shall not apply to any Document that is in the public domain as a result of a violation of any duty, law or agreement.

5. (a) The cover of any transcript containing Confidential Information shall be prominently marked: "Confidential."

(b) In the case of deposition answers embodying Confidential Information, counsel for the party whose Confidential Information is sought shall designate the confidential portions of a witness's testimony by a statement on the record during the deposition or in writing within twenty-one (21) days after receipt of a copy of

the transcript. During the intervening period, all transcripts and the information contained therein will be deemed to be confidential in their entirety under the terms of this Order. Where it is practical to do so, a separate transcript may be prepared by the reporter of the testimony designated "Confidential." As to any such separate transcript or any other transcript containing testimony designated "Confidential," the reporter shall furnish copies only to counsel of record in this action, and each such copy shall be prominently marked on the cover as set forth in paragraph 6(a).

© It is possible that attorneys for a party may have an opportunity to inspect various documents produced by a Producing Party before such documents have been marked as provided above. No information obtained by such inspection of any document shall be disclosed or used for any purpose unless and until a copy of the documents has been made and the party producing the documents has been given an opportunity to designate it as "Confidential."

6. All transcripts, deposition exhibits, answers to interrogatories and other documents filed with the Court pursuant to the pretrial discovery of a party to this action which have previously thereto been designated by a Producing Party as comprising or containing Confidential Information and all pleadings and memoranda purporting to reproduce, summarize, paraphrase or otherwise set forth such information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the word "Confidential" and a statement substantially in the following

form:

> "This envelope contains documents which are filed in this case by (name of party), and is not to be opened or the contents thereof displayed or revealed except by order of the Court."

In the absence of an order of the contrary, the Court may open, view the contents for purposes of this litigation, and reseal any said envelope or other container. The envelopes or other container is to remain sealed or to be returned to the Producing Party at the final conclusion of the action.

7. Subject to the provisions of paragraphs 9 and 15 below, all transcripts, deposition exhibits, answers to interrogatories, other documents, or copies thereof, received by counsel for a party pursuant to pretrial discovery in this action which are designated by the Producing Party as containing or comprising Confidential Information shall be retained by counsel and shall not be disclosed or disseminated in any fashion to any person except as follows:

    (a) Attorneys of record, including those designated as "of counsel," and their clerical staffs employed in preparation for and trial of this action;

    (b) Independent testifying and consulting experts or consultants retained to assist counsel in the conduct of this action or to give testimony at the trial of this action, and the clerical staffs of such persons; provided that, before disclosure is made,

such person first agrees in writing to comply with the terms of this order by signing the Certification which appears below. For testifying experts, a signed copy of the Certification shall be furnished to counsel for the party producing the Confidential Information upon disclosure of the testifying expert's report;

(c) The individual named Plaintiffs who are not yet dismissed or withdrawn from the action; provided that, before disclosure is made, such person first agrees in writing to comply with the terms of this order by signing the Certification which appears below;

(d) The individual named Defendants, and in the case of an institutional party, appropriate individual representatives therein;

(e) Any witness or prospective witness, with respect to any document identified and marked "Confidential" in accordance with paragraph 6(a) hereof, provided that, before disclosure is made, such person first agrees in writing to comply with the terms of this order by signing the Certification which appears below;

(f) Outside commercial copying and document imaging services, including necessary personnel thereof; provided that, before disclosure is made, such person first agrees in writing to comply with the terms of this order by signing the Certification which appears below; and

(g) Court reporters and stenographers recording testimony during the disclosure of Confidential Information at a deposition, hearing or trial of this matter. Unless otherwise agreed by counsel for the parties, or ordered by the Court, only

those persons authorized by this Order to receive Confidential Information as set forth above may be present during that portion of the deposition designated Confidential by counsel of record.

8. No party shall be bound by this Order as to any information which it possessed prior to this action, or which it obtained at any time from third parties, unless that information was obtained by the third party under circumstances requiring the third party to treat it as confidential.

9. No person receiving access to information designated "Confidential" shall disclose or disseminate such information to anyone or make a public disclosure of such information or use such information except as permitted by this Order or a further order of the Court. Subject to further order of this Court, all Confidential Information may be used by the recipient *only* for purposes of this action, and may not be disseminated or disclosed to any other person for any other purpose, or used in any other litigation against one or more of the Defendants.

10. A document designated "Confidential" may be used by the opposing counsel to examine or cross-examine witnesses who are present or former officers or directors of the party producing the document or who authored the document or furnished the documents to the Producing Party or to whom the Producing Party has furnished the document. However, if a party uses its own designated documents to examine or cross examine a witness, then such party's designated documents may be used by the other party also to examine or cross-examine that witness.

11. Each court reporter taking any testimony relating to designated documents shall be informed of, and provided with a copy of this Order by the party claiming the confidentiality and shall adhere to the provisions hereof.

12. This Order shall not preclude any party from objecting to the relevancy or admissibility of any information, or from asserting any privilege it may have. This Order shall not preclude any party from contesting whether: (a) any material or document designated as "Confidential" is, in fact, confidential or proprietary; (b) the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or © the authenticity of any designated document.

13. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such "Confidential" designation. In the event any party disagrees with a "Confidential" designation, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the party asserting that the information, document or thing is or contains Confidential Information shall have the burden of proving the propriety of its designation. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to both parties, orders such disclosure.

14. This Order shall not prejudice the right of any party to oppose production

of any information for lack of timeliness, relevance, privilege, work product or any other objection under prevailing Court rules or to request further protection from the Court as may be required, should disclosure of such information become necessary for the purposes of this action.

  15. Upon final termination of this action, each party or other person subject to the terms hereof shall be under an obligation to either: (a) assemble and return to the originating source all materials and documents designated "Confidential" and all copies, summaries and abstracts thereof; or (b) destroy all such materials and documents, including summaries and abstracts thereof (including without limitation all copies of such materials, documents, summaries and abstracts) and provide a written certification that such materials, documents, summaries and abstracts have been destroyed; or © as to counsel of record for each party, retain copies of such materials and documents, including summaries and abstracts thereof, so long as such are maintained confidentially and used solely for reference in the event of and only in the event of a dispute over the use or dissemination of information subject to the terms hereof.

IT IS SO ORDERED THIS 26th day of July 2007.

              /s/ J. Marschewski
              Honorable James R. Marschewski
              United States Magistrate Judge