IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANK LUPIANI, et al                                                PLAINTIFFS

   v.                              No. 5:03-cv-5256-RTD

WAL-MART STORES, INC., et al                                        DEFENDANTS

## ORDER

Before the court is the Plaintiff's Motion for Protective Order (102) filed July 25, 2007. The Defendant filed its Response (Doc. 106) on July 26, 2007. The matter was referred by Order (Doc. 105) filed July 26, 2007.

This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 101, et seq. The Second Amended Complaint (Doc.45) was filed May 2, 2006. The Plaintiff seeks a Protective Order to prohibit or reschedule depositions in the above case that were noticed on July 19, 2007. (Doc. 102, Attachment 1) The court will deal with each deposition separately.

A. The Mona Curtis Deposition

The Plaintiff has agreed to produce Mona Curtis but on a different day and time. The Defendant may, therefore, take the deposition of Mona Curtis on Friday, August 3, 2007 at 9:00 a.m. in Rogers, Arkansas, provided that the Plaintiffs produce Anjuli Blanscett (whose deposition was noticed for that time slot) at another time between July 31 and August 3. The Motion for Protective Order as to Curtis is, therefore, MOOT.

B. The Cynthia Murray Deposition

The Plaintiff seeks to change this deposition from Wednesday, August 1, 2007 to an

unspecified time on August 7, 2007 contending that the lawyer will not have adequate time to prepare for the deposition. This is an insufficient reason for a case that has been pending since October 2003 and the Motion for Protective Order is Denied as to Murray.

C. The Mary Lou Wagoner Deposition

The Plaintiff's have requested that this deposition be take by telephone because she and her husband are unemployed. No affidavit was submitted and the court has no knowledge of a particular hardship that might be incurred as a result of making this party attend for her deposition.

Fed.R.Civ.P. 26© provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan.2000). *General Dynamics Corp. v. Selb Mfg. Co.* 481 F.2d 1204, *1212 (C.A.1973)To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D.Kan. May 2, 2002) (quotations and citations omitted). General Dynamics Corp. v. Selb Mfg. Co., Id

The Plaintiff has offered no particular and specific demonstration of fact that causes the court to believe that the parties should not be present for deposition as noticed and the Plaintiff's Motion for Protective Order is DENIED as to Wagoner.

D. The Wells' Deposition

The Plaintiff's counsel contends that he has been unable to reach Ollie and Patricia Wells since receiving notice that their deposition was scheduled for July 31, 2007. The notice was

dated July 19, 2007. The Plaintiff's counsel states that Ollie and Patricia Wells have always remained in good contact with them and the only explanation that is offered is that they may be on vacation. The attorney states that when they try to leave a message they are informed that the message box is full. The court believe that the Motion for Protective Order for Ollie and Patricia Wells should be GRANTED, at this time but that they should be subject to deposition as soon as possible after they return to their home.

E.  Personnel and Other Records Pertaining to Plaintiffs

The court finds that the Defendant has complied with the request of the Plaintiff and that the issue concerning the production of Personnel and Other Records Pertaining to Plaintiffs is MOOT.

The Plaintiff's Motion for Protective Order is DENIED in part and GRANTED in part.

IT IS SO ORDERED this 27th day of July 2007.

/s/ J. Marschewski
Honorable James R. Marschewski
United States Magistrate Judge